```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT
```

**GINO MASSIELLO,**
          **- Plaintiff**


          **v.**                    **CIVIL NO. 3:03-CV-02185(CFD)(TPS)**


**ROADWAY EXPRESS, INC.,**
          **- Defendant**


## RULING ON DEFENDANT'S MOTION TO QUASH

This case involves a suit brought under the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq.*, Conn. Gen. Stat. 42a-60(a) and Con. Gen. Stat 31-290a.  Pending before the court is defendant's motion to quash subpoenas served on defendant's former attorney Richard Lynch and the record keeper of defendant's former law firm, Maher & Williams.  Defendant contends that these subpoenas must be quashed because they require the disclosure of privileged matters.  Fed. R. Civ. P. 45 (c)(3)(A)(iii).  For the foregoing reasons defendant's motion to quash [**Dkt. #48**] is **DENIED**.

### I.  Discussion

Defendant's argument appears to rest solely on the ground that, since the attorneys subpoenaed in this case formally represented defendant, they cannot be deposed. However, despite defendant's argument, there is no absolute bar to deposing opposing

attorneys. In fact, in certain circumstances, courts even allow one party to depose the *current* attorney of an opposing party. See e.g. Shelton v. American Motors Corp., 805 F. 2d 1323 (8th Cir. 1986) (stating that the deposition of opposing trial counsel should only be permitted when "(1) no other means exist to obtain the information than to depose opposing counsel...(2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.")(internal citations omitted)("the Shelton Rule"). In this case, the plaintiff merely seeks to depose defendant's *former* attorneys.

The second circuit has made clear that it does not strictly adhere to the Shelton rule. In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 71-72 (2d Cir. 2003). Instead the court held that,

> the judicial officer supervising discovery [may take] into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship. Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted.

Id. at 72. Although In re Subpoena Issued to Dennis Friedman dealt with the proposed deposition of current trial counsel, the analysis is equally applicable to the present situation.

"[T]he burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements

of the privileged relationship, a burden not discharged by mere conclusory or ipse dixit assertions." In re Grand Jury Subpoena Dtd. January 4, 1984, 750 F. 2d 223, 224-25 (2d Cir. 1984). Further, the district court must require a sufficient record and an adequate basis before quashing a subpoena on attorney-client privilege grounds. See id. at 224; Gould Inc., v. Mitsui Mining & Smelting Co., Ltd., 825 F.2d 676, 679 (2d. Cir. 1987).

In light of the In re Subpoena Issued to Dennis Friedman factors the court finds, at this time, that the depositions requested by the plaintiff are not inappropriate. Specifically, the attorneys sought to be deposed have no role in this litigation as their representation has been terminated. Further, although there is always at least some danger of encountering attorney-client privilege or work-product issues, it appears from plaintiff's response that the plaintiff is not requesting information that is privileged or otherwise immune from discovery.

The depositions should go forward because the defendant has failed to sustain its burden of perfecting its claim of attorney-client privilege. At this point, the record is simply too sparse to quash the subpoenas issued by plaintiff. The better procedure is to allow the depositions to take place while affording defendant an opportunity to object to particular questions or document requests at the deposition. See Utica Mut. Ins. Co. v. Denwat Corp., No. 91-135, slip op. at 8-15 (D. Conn. Dec. 15,

1991)(detailing procedure counsel should follow when attorney-client privilege issues arise at depositions). If attorney client privilege or work-product issues present themselves, the parties then will have a transcript to rely upon when making their arguments to the court.

## II.   Conclusion

The defendant's motion to quash the subpoenas issued on Richard Lynch and the law firm of Maher & Williams [**Dkt. #48**] is **DENIED.** The depositions will go forward at a time and place agreed upon by the parties.

This is not a recommended ruling.  This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court.  See 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED**.

**Dated at Hartford, Connecticut this 18th day of November, 2005.**

                                            /s/ Thomas P. Smith
                                            **Thomas P. Smith**
                                            **United States Magistrate Judge**