### UNITED STATES DISTRICT COURT

### DISTRICT OF CONNECTICUT

GINO MASSIELLO
          -    **Plaintiff**


v.                          **CIVIL No. 3:03CV02185 (CFD) (TPS)**


ROADWAY EXPRESS, INC.,
          -    **Defendant.**

### <u>RULING ON THE PLAINTIFF'S MOTION TO COMPEL</u>

Presently before the court is the Plaintiff's Motion to Compel documents contained in the file of Attorney Richard Lynch. On March 28, 2006, this court granted the Defendant's Motion for an *In Camera* Inspection of the disputed documents. Previously the undersigned had permitted the deposition of Attorney Lynch to proceed. <u>See</u> <u>Massiello v. Roadway Express Inc.</u>, No. 3:03-CV-02185(CFD) (TPS), 2005 U.S. Dist. LEXIS 28342 (D. Conn. Nov. 18, 2005). Attorney Lynch had represented the Defendant in the Plaintiff's Workers' Compensation claim which, in part, underlies the present litigation. At the deposition the Plaintiff requested documents contained in Attorney Lynch's file. The Defendant objected to disclosing the documents on the grounds of attorney-client privilege and/or the work-product doctrine. Having examined the information in non-redacted and redacted

form, the court finds that  the redacted information is protected by the attorney-client privilege and/or work-product doctrine. Therefore, Plaintiff's Motion to Compel **[Dkt. #69]** is **DENIED**.

## I.   STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).   The burden of proving that the information is privileged is on the party claiming the privilege.   6 Moore's Federal Practice, § 26.47 (Matthew Bender 3d ed.); In re Horowitz, 482 F.2d 72, 82 (2d Cir. 1973).

## II.   DISCUSSION

The attorney-client privilege protects information revealed within the attorney-client relationship.   The purpose of the privilege is to "shelter the confidences a client shares with his or her attorney when seeking legal advice." Clute v. Davenport, 118 F.R.D. 312, 314 (D. Conn. 1988).   Attorney-client privilege is narrowly construed to preclude from discovery confidences entrusted to the attorney by a client, but not the attorney's conclusions related to a client. Id. However, if the attorney's words reveal what the client has said in confidence then those words too are protected by the attorney-client privilege. SCM Corp. V. Xerox Corp., 70 F.R.D. 508, 522 (D. Conn. 1976); Clute,

118 F.R.D. at 314.

Though often confused with attorney-client privilege, the work-product doctrine protects decidedly different interests. The doctrine had its beginnings in <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947) and is now codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure.   In <u>Hickman</u>, the court held that, "[n]ot even the most liberal of discovery theories can justify unwarranted inquiries into the files and mental impressions of an attorney."   <u>Id.</u> at 510.   The court described the information protected under the work-product doctrine as the "written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties."   <u>Id.</u>   The <u>Clute</u> court explained the <u>Hickman</u> ruling as follows:

> To the extent that work product contains relevant, nonprivileged facts, the <u>Hickman</u> doctrine merely shifts the standard presumption in favor of discovery and requires the party seeking discovery to show "adequate reasons" why the work product should be subject to discovery.... [T]o the extent that work product reveals the opinions, judgments, and thought processes of counsel, it receives some higher level of protection, and a party seeking discovery must show extraordinary justification.

118 F.R.D. at 315 (citing <u>In re Sealed Case</u>, 676 F.2d 793, 809-10 (D.C. Cir. 1982)).   Thus, the work-product doctrine shields a lawyer's own thoughts and opinions from intrusion by her adversary as opposed to the attorney-client privilege which

protects the confidences shared by a client with her lawyer.  The court has examined the information presented for *in camera* review in accordance with these two standards.

Defendants have submitted a total of seventeen documents for the court's review.  Six of these documents are privileged, and thus immune from discovery.[1]  The first letter, dated July 1, 1994, is written by Dennis Kircher, a member of Defendant's Risk Management Department to Attorney John Keefe, an attorney associated with Attorney Lynch.  The letter presents Mr. Kircher's concerns and requests Attorney Keefe's legal advice on the matter.  Mr. Kircher communicated his concerns in confidence to Attorney Keefe, and therefore the attorney-client privilege shields the letter from discovery.  The remaining letters and the memorandum contain information relevant to the case and revealed by either Mr. Kircher or Marti Newman[2] to Attorney Keefe or Attorney Lynch.  The letters were written with respect to a legal matter in which Attorneys Keefe and Lynch represented Mr. Kircher

---

[1]

The documents that the court finds privileged are dated July 1, 1994, July 15, 1994, August 19, 1994, September 7, 1995, October 2, 1995, and December 4, 1995.  The first five documents consist of letters from Mr. Kircher to Attorney Keefe and from Ms. Newman to Attorney Lynch.  The last document is a memorandum from Ms. Newman to Attorney Lynch.

[2]

Mr. Newman also worked in Defendant's Risk Management Department.

and Mr. Newman.[3]   Mr. Kircher and Mr. Newman divulged the information in confidence.   Since the attorney-client privilege seeks to protect the confidences that the client discloses to his attorney, the letters and the memorandum are precluded from discovery under that privilege.

The remaining letters reviewed by the court are not protected by the attorney-client privilege because, according to Clute, the privilege does not extend to information relayed by the attorney to the client unless the information would reveal what the client has said.   Id. at 314.   The information disclosed by the Attorneys Keefe and Lynch does not reveal what Mr. Kircher or Mr. Newman said.   Therefore, the attorney-client privilege does not apply to the remaining eleven documents.

The work-product doctrine, however, does preclude discovery of the information contained in the remaining letters because the redacted information includes Attorneys Keefe and Lynch's opinions and strategies pertaining to the legal matter.   The July

_____
[3]   In Upjohn Co. v. United States, 449 U.S. 383, 394-95 (1981), the Supreme Court found that communications made by Upjohn employees to corporate counsel must be protected against compelled disclosure.   "The communications concerned matters within the scope of the employees' corporate duties, and the employees themselves were sufficiently aware that they were being questioned in order that the corporation could obtain legal advice."   Id.   Similarly, Mr. Kircher and Mr. Newman are employees of Roadway Express, Inc. acting within the scope of their employment and were, at the time of the communications to Attorneys Keefe and Lynch, aware that the information sought concerned a legal matter.   Thus, under the rule of Upjohn, their communications are privileged.

12, 1994 letter reveals the initial investigation into the controversy and Attorney Keefe's opinion on how to proceed. The remaining letters follow suit. Attorneys Keefe and Lynch offer their opinions as to the status of the case and advise the clients, and others involved, as to how to proceed.

Since the work-product doctrine precludes from discovery the opinions, judgments, and thought processes of the attorney, and the redacted information reveals the attorneys' opinions and strategies, the letters are shielded from discovery.

### III.    CONCLUSION

Plaintiff's Motion to Compel **[Dkt. # 69]** is **DENIED.** This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. See 28 U.S.C. § 636(b) (written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**

Dated at Hartford, Connecticut this 26th day of May, 2006.

/s/ Thomas P. Smith
**Thomas P. Smith**
**United States Magistrate Judge**

-6-